# CHARLESTON.

Krell Piano Co. v. Kent.

Submitted January 27, 1894.—Decided April 4, 1894.

1. Certiorari—Justice of the Peace.

When a party is prevented by some adventitious circumstance beyond his control from applying for a writ of *certiorari* to a judgment of a justice within ten days after such judgment is rendered, the writ may be awarded after the expiration of the ten days and within ninety days. See facts of the case for the application of the rule.

2. New Trial.

Where the trial-court improperly excludes evidence from the jury offered by the party against whom the verdict is found, such ruling constitutes ground for a new trial, unless it is manifest from the record that, notwithstanding such misruling, the party complaining could not have been prejudiced thereby, and that the verdict conforms to the substantial justice of the case.

3. Corporations—Parties.

When a corporation is a party, the proper mode of designating it is as a corporation, and by its corporate name.

E. W. Wilson and Littlepage & Stout for plaintiffs in error cited 35 W. Va. 333.

J. W. Kennedy and S. Littlepage for defendant in error cited 26 W. Va. 143; 29 Gratt. 255; 31 Gratt. 855; 31 W. Va. 674; 33 W. Va. 60; 9 W. Va. 680.

Holt, Judge:

This is a writ of error to a judgment of the Circuit Court of Kanawha county, rendered on the 10th day of April, 1892, dismissing plaintiff's writ of *certiorari* to a judgment of a justice. The Circuit Court assigns no reason for dismissing the writ, but according to the argument of the counsel the ground was that it had been improvidently awarded, not having been allowed within ten days after the judgment was rendered. On this point the facts are as follows: The judgment of the justice was rendered on the

24th day of February, 1893. The circuit judge was not holding court anywhere on the 6th day of March, 1893, but was at his home and place of residence in Point Pleasant. On that day the attorney for the plaintiff, with the transcript of the record and the petition for the writ, went from Charleston to the residence of the circuit judge in Point Pleasant, reaching there between eleven and twelve o'clock a. m., for the purpose of presenting his petition; but the judge had just left for Huntington. He telegraphed to him at Huntington his business, but the message was not delivered, and on his arrival at Huntington on the same day the judge had taken the train and left. He telegraphed to Charleston, but the judge had not returned, but on the 9th day of March—three days after the expiration of the ten days—the Circuit Court of Kanawha county was then in session, when the plaintiff presented its petition with a transcript of the record praying for the writ of *certiorari;* and, having shown by the affidavit of its attorney the above facts as the cause for its not having applied for the writ within ten days, the writ was allowed and issued, the bond required being given.

I am not able to see what better course could have been chosen, or one more plainly within the meaning of the rule, on adventitious circumstances plainly beyond his control, and no doubt one of the causes in the mind of the lawmaker, which suggested the propriety and led to the enactment of section 174 of chapter 50 of the Code. Such adventitious circumstances the petitioner could not be reasonably required to forsee and provide against. He presented himself with his petition, within the ten days, at the home and residence of the judge, but found that he had just gone. Where else should he have gone? or what else could he be expected to do? And this was the opinion of the circuit judge, as recited in the order awarding the writ, and I think the correct one.

But the delay being thus excused, did it present a proper case for awarding the writ? And this question, as here presented, is not exactly the question presented to the Circuit Court. The writ was awarded by the Circuit Court on the ground that the decision complained of ought to be re-

viewed, not necessarily that it ought to be reversed. If for any cause it appears to have been improperly awarded, the writ is quashed or dismissed; but if not improperly awarded, the Circuit Court reviews the judgment, order or proceeding complained of, as it appears on the record certified, upon the merits, determines all questions arising on the law and evidence and renders such judgment or makes such order upon the whole matter, as law and justice may require. The effect of the dismissal of the writ by the Circuit Court was to leave the judgment of the justice in full force, and, if this Court can see that on the hearing on the merits the judgment of the justice should have been affirmed, then the dismissal was not error to the prejudice of the appellant.

Does the record of the justice show error for which his judgment should be reversed ? The action was commenced and the summons issued by the justice in the name of W. McGarry, agent for Krell Piano Company, against G. L. Kent. The summons was returned served on the 23d day of February, 1893. When the case was called, plaintiff and defendant being present in person and by attorneys, plaintiff moved to dismiss the case. This motion was overruled, as defendant had filed offsets against the plaintiff, and plaintiff excepted, and the justice then permitted the summons and complaint to be amended, inserting the words, "The Krell Piano Co., who sues by Wm. H. McGarry, its agent."

If the Krell Piano Company were a partnership doing business under that name, they might sue in the firm name, and it would not be necessary to allege or prove in the suit who might be the persons composing the partnership (section 25, c. 50, Code); but it appears by the record that it is a corporation, and as such it ought to sue and be sued in and by the corporate name; for when a corporation is a party, the only proper mode of designating it is as a corporation and by its corporate name, and the justice should have permitted the dismissal of the suit, or in the amendment of the summons and complaint have added something to indicate that the plaintiff is a corporation; without that the judgment for it and especially the judgment against it

would be involved in the doubt and uncertainity of whether it was a corporation or a partnership, with individual as well as joint or partnership liability. Such is the rule in courts of record, and such one of the reasons for it; and such reason applies with equal force in a suit before a justice. I notice that the Circuit Court, in the order allowing the writ, calls it a corporation—an amendment easily made, but it was not made by the justice.

There were five items or specifications of set-off filed by the defendant before the justice amounting in the aggregate to one thousand four hundred and ninety dollars. Five items of credit were given by defendant in his account amounting to six hundred and forty five dollars; leaving a balance due him from plaintiff, as he claimed of eight hundred and forty five dollars, as of February 16, 1893. Among the items of set-off were the following: To collecting five hundred and seventy five dollars; from Henry Crites during May and June, 1892, two hundred and fifty dollars. The jury found a verdict for defendant for two hundred and fifty dollars.

During the progress of the trial before the jury, plaintiff introduced W. H. McGarry as a witness, and, among other things, proposed and offered to prove by him that Crites was given credit by plaintiff for one thousand and five hundred dollars on the recommendation of defendant, of which five hundred and seventy five dollars was the unpaid balance; that, if plaintiff would give defendant the privilege of selling the Krell piano in West Virginia, he would assist in the collection of the Crites debt, and make no charge for his services; that the Crites debt of five hundred and seventy five dollars was collected by an attorney who was employed and paid by plaintiff. For this purpose plaintiff asked the witness five several questions:

"(1) Please state what arrangement, if any, plaintiff had with defendant to help collect the Crites debt, *etc.*"

"(2) Please state, if you know, whether the money referred to was collected by an attorney at Weston, West Va., and whether said attorney was paid by the plaintiff for his services in the collection of the Crites claim."

"(3) State, if you know, who collected the Crites claim."

"(4) State, if you know, whether the money or debt of five hundred and seventy five dollars was collected by an attorney, and not by defendant."

Defendant's objections to all these questions were sustained, and plaintiff was not allowed to ask either of them. That they were competent, relevant, and material is evident; but it is contended on behalf of defendant that plaintiff could not have been injured by their exclusion, because the witness McGarry on cross-examination states in detail the matters involved and proposed to be proved in answer to these questions. The evidence rejected must be relevant, and of such a nature that its rejection may have prejudiced the party offering it; and if he may have been so prejudiced, if the court can not see that he was not prejudiced, that is a sufficient ground for reversing the judgment. It involved the very matter in issue, and, we may infer, was the basis of the verdict found by the jury.

Was this evidence supplied from some other source? The Krell Piano Company gave defendant, George L. Kent, a power of attorney dated May 2, 1892, giving him full power as its attorney in fact, to collect and receipt for the Henry Crites claim, but is wholly silent on the question of defendant's compensation. It is true that defendant Kent, who is examined as a witness on his own behalf, says that he collected the Crites debt for plaintiff under this power of attorney; that Crites was insolvent at the time; that he lost two months, and had great labor and expense in endeavoring to collect it; and that two hundred and fifty dollars is a reasonable charge. But the question still remains: What has the plaintiff's side to say about it? It is true that in some connection witness McGarry says in his testimony that the Crites debt of five hundred and seventy five dollars is not all collected yet; that defendant's charge of two hundred and fifty dollars is wrong; but he nowhere answers directly to what plaintiff proposed and expected to prove by him in answer to the questions excluded. Was it the contract that defendant should assist in the collection of the Crites debt without charge, if plaintiff would give defendant the privilege of selling the Krell piano in West Virginia? Was the Crites debt collected for plaintiff by

an attorney, and did plaintiff pay the attorney for making the collection? Answers to these vital questions were refused and excluded, and are nowhere given directly, or in any way except by remote inference from something else stated by the witness.

In fact, by this record it would seem that plaintiff's case as to this item—and it appears to be the one found by the jury—was cut up by the roots in the beginning, which I can only account for on the supposition that there was supposed to be written evidence on the subject. On account of the exclusion of the testimony which plaintiff offered to produce at the trial before the jury, a new trial ought to have been granted by the justice.

The order of the Circuit Court dismissing the writ of *certiorari* must be reversed, the judgment of the justice and the verdict of the jury must be set aside, and a new trial be awarded, and the cause is remanded to the Circuit Court, to be retained and disposed of as if originally brought therein.