CHARLESTON.

DOUGLASS *v.* KANAWHA & M. RY. CO.

Submitted September 15, 1897—Decided December 11, 1897.

1. RAILROADS—*Actions—Process—Service of Process.*

In an action against a railroad company to recover damages for killing a horse, the summons may be served upon a depot or station agent in the actual employment of the company, residing in the county or township wherein the action is brought; and the return of an officer showing that such process has thus been served is sufficient. (p. 269.)

2. RAILROADS—*Actions—Pleading.*

In an action against a railroad company, it is not necessary to aver in the declaration, nor is it necessary to prove on the trial, that the defendant is a corporation, unless with the plea there is filed an affidavit denying that it is. The court will *ex officio* take notice of the fact. (p. 270.)

Appeal from Circuit Court, Mason County.

Action by Oscar Douglass against the Kanawha & Michigan Railway Company. Plaintiff had judgment. Defendant appeals.

*Affirmed.*

GEO. S. COUCH, for appellant.

JOHN E. BELLER and CHAS. E. HOGG, for appellee.

ENGLISH PRESIDENT:

Oscar Douglass, on the 7th day of March, 1894, brought a civil action for the recovery of money due for damages for a wrong in this: for the unlawful and negligent killing

of one horse belonging to said Douglass, in which the plaintiff demanded judgment for two hundred and seventy-five dollars against the Kanawha & Michigan Railway Company. The return on the summons is as follows: "Received this summons on the 7th day of March, 1894, at 3 o'clock p. m., and executed the same on the 7th day of March, 1894, on the within-named the Kanawha & Michigan Railway Company, by delivering to Harry Asbury, the depot or station agent for said K. & M. R. R. Co. at Point Pleasant, Mason County, W. Va., a copy of this summons, there being no president, cashier, treasurer, or other chief officer of said K. & M. R. R. Co. in said county upon whom this summons could be executed. Said Harry Asbury, the person upon * * * this summons was executed, resides in Mason County, W. Va., and said service being made in said Mason county, W. Va., and the said Asbury being in the active employ of said company at the time of said service of this summons upon him. Wm. Foglesong, Const." Was this return sufficient? It is contended by counsel for the plaintiff in error that it was not. This Court has held in several instances that the statutory requirements must be strictly followed in order that a return may constitute legal evidence of service upon the defendant. In the case of *Midkiff* v. *Lusher*, 27 W. Va., 439, this Court held that "the return of a sheriff on process is fatally defective when such return is that he executed the same on Lewis Lusher by leaving a copy of the within with Betty Lusher, daughter of Lewis Lusher, she being a white woman over the age of 16 years." This return was held to be defective, because it did not comply with the statute in the following particulars: "First, it did not state that the person on whom the process was served was a member of the family of Lewis Lusher; second, it did not show it was served at the usual place of abode of said Lusher, he not being then and there found; and, third, because it did not state that, when the officer delivered the copy to her, he gave her information of its purport." Also, in the case of *Lewis* v. *Botkin*, 4 W. Va., 533, it was held that "a return stating that service was made by posting an office copy at the front door of each of their dwelling houses was defective—First, because it did not

appear that he left a copy posted at the frout door as the statute prescribed; second, because it did not appear that it was at the usual place of abode of the defendants, as is also prescribed by the statute." These rulings show that, in order that a return made under the statute should not be regarded as defective, the statute must be strictly pursued. The case of *Railroad Co.* v. *Ryan*, 31 W. Va., 364, (6 S. E. 924), was an action brought before a justice of the peace against the Kanawha & Ohio Railroad Company, and the returns showed that it was served upon an attorney in fact appointed to accept service of process for said railroad; but, as the return failed to show that it was served on the attorney in fact in the county of his residence, it was held to be insufficient and invalid.

Was the service in the case at bar sufficient? If we were confined to either section 34 of chapter 50 of the Code, or section 7 of chapter 124, I would say that the return was not sufficient, as it does not conform to the requirements of either of these sections where process is served upon a depot or station agent; but it is perceived that section 34 of chapter 50 of the Code commences by saying, "Unless otherwise specially provided, such process or order and any notice against the corporation may be served," *etc.* proceeding to state how it may be served. Now, is it otherwise specially provided? By reference to section 18 of chapter 52 we find it provided that "in any action against a corporation, if it be in the circuit court, process shall be issued as provided in chapter 124 of this act, or if the action be before a justice process shall be issued as provided in chapter 50 of this act." And section 20 reads as follows: "Provided, that when any suit is brought against a railroad company under the two preceeding sections, the agent on whom process may be served shall be construed to include a depot or station agent, in the employment of the company residing in the county or township wherein the action is brought." Upon the question, then, as to the return on the process in the case under consideration, which has been quoted above, no room is left for construction, and we hold said return is sufficient.

Counsel for the plaintiff in error, in their brief, suggest that it is nowhere alleged in the pleadings that it is a cor-

poration and it is not claimed there was any evidence of this fact. Was it necessary to allege that it was a corporation? This question was before the court of appeals of Virginia in the case of *Baltimore & O. R. Co.* v. *Sherman's Adm'x*, 30 Grat. 602, and it was there held that "in an action against a railroad company it is not necessary to aver in the declaration, nor is it necessary to prove on the trial, that the defendant is a corporation, unless with the plea there is filed an affidavit denying that it is. The court will *ex officio* take notice of the fact." And so we hold. For these reasons, the judgment complained of is affirmed, with costs, *etc.*

*Affirmed.*