# CHARLESTON.

LIVELY v. SOUTHERN B. & L. ASS'N OF KNOXVILLE *et al.*

Submitted January, 26, 1899—Decided April 1, 1899.

1. ATTACHMENT—*Summons—Return.*

   In a proceeding by way of attachment against a nonresident, where the process in the suit in which the attachment was issued is returned "Not found," and a second summons is issued, the return upon which reads as follows: "Executed the within summons this 15th day of February, 1897, by posting in three public places in Summers County, as required by law;" and signed properly by the officer,—said service and return are sufficient    (p. 183).

2. ATTACHMENT—*Garnishee—Judgment.*

   In such a case, if a party is summoned as a garnishee, and appears and admits under oath that he has sufficient money in his hands belonging to the defendant in the attachment proceedings to satisfy the plaintiff's claim, which is proven, judgment may be given against the garnishee, to be applied in satisfaction of the plaintiff's demand. (p. 184).

3. ATTACHMENT—*Affidavit—Bond.*

   A case in which the affidavit for attachment and the attachment bond are held sufficient. (p. 185).

Error to Circuit Court, Summers County.

Action by Frank Lively against the Southern Building & Loan Association of Knoxville and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

MILLER & READ, for plaintiffs in error.

VINSON & THOMPSON and HERBERT FITZPATRICK, for defendant in error.

English, Judge:

Frank Lively, assignee of J. Speed Thompson, on the 1st of February, 1897, brought a civil suit before a justice of the peace of Summers County against the Southern Building & Loan Association of Knoxville, Tenn., to recover two hundred dollars, the withdrawal value of stock held by said Thompson in said association, which had been assigned to Lively. An affidavit was made by J. Speed Thompson, and bond executed by Lively upon which an order of attachment was issued against said association, and A. G. Flannagan was served with a copy of said order, upon which an indorsement was made directing the officer to serve such copy on Flannagan, requiring him to appear and answer respecting the personal property, debts, and stocks, subject to the attachment, which attachment was returned executed by delivering Flannagan an office copy thereof in Summers County, W. Va. On the 1st of March, 1897, said Flannagan appeared before the justice, and answered on oath that there was in his hands two hundred and thirty-six dollars and twenty cents, and judgment was rendered against the defendant as garnishee for two hundred dollars, with interest from that date, and costs, three hunderd and ninety dollars. On March 15, 1897, the second summons having been returned by posting in three public places in Summers County as the law directs, the defendant failing to appear, the plaintiff proved his claim, and judgment was rendered in his favor for two hundred dollars and costs. On March 22, 1897, an appeal was applied for, and the appeal bond executed. On February 16, 1898, the case was heard on appeal in the circuit court, the defendant, by its attorneys, appearing specially, for the sole purpose of moving to quash the original and *alias* summonses, and the returns thereon, which motion was resisted by plaintiff, and overruled by the court, and the defendant objected and excepted. Defendant's attorneys appeared specially for the purpose of moving to quash the affidavit for attachment writ issued in this cause and the return, which motion was also overruled by the court, the defendant again objected and excepted, and the Southern Building & Loan Association declined to appear further, and, the matters of law and fact being submitted to the

court in lieu of a jury, the court affirmed the judgment of the justice, and judgment was rendered against the defendant Flannagan for two hundred and eleven dollars, with interest and costs. From this judgment the Southern Building & Loan Association and A. G. Flannagan obtained this writ of error.

The first ground of error claimed and relied on by the plaintiffs in error is that neither of these summonses described the defendant as a corporation, and the case of *Piano Co.* v. *Kent,* 39 W. Va. 294, (19 S. E. 904), is relied upon to sustain this assignment. It is true that that case holds that, when a corporation is a party the proper mode of designating it is as a corporation and by its corporate name. In this case the defendant was designated in each summons by its corporate name, and in the affidavit for the attachment, which is a part of the suit, it was designated as a corporation; and in *Douglass* v. *Railroad Co.,* 44 W. Va. 267, (28 S. E. 705), this Court held that, in an action against a railway company, it is not necessary to aver in the declation, nor is it necesary to prove on the trial, that the defendant is a corporation, unless with the plea there is an affidavit denying that it is. The court will ex officio take notice of the fact; citing *Railroad Co.* v. *Sherman's Adm'x,* 30 Grat. 602. See, also, *Hart* v. *Railroad Co.,* 6 W. Va. 338 (Syl., point 8), where it is held: "A corporation should sue and be sued in its true name, and, if it is sued by its true name, it is not necessary to show in the declaration how it was incorporated, or to aver in the declaration that it is a corporation duly constituted, or that it is authorized by law to sue or be sued in its corporate name, but these questions may be put in issue by the defendant, or raised upon the trial of the general issue."

The next error suggested is that the *alias* summons does not state that the property or claims of the defendant have been attached to answer the plaintiff's demand or equivalent words. It is true that section 202, chapter 50, Code, provides that the second summons shall state that property or claims of said defendant have been attached to answer the plaintiff's demand; but it is also true, when we refer to this *alias* summons, we find that the de-

fendant is summmoned to answer the complaint of the plaintiff in a civil action for money due by contract, upon which attachment has been levied, which surely is intended to mean upon which complaint an attachment has been levied upon property of some character of the defendant, and I think this assignment is not well taken.

The next error assigned claims that the return on the *alias* summons is insufficient because it does not show that a copy thereof was posted at the front door of the court house and two other public places in the county. The return, however, shows that the summons was executed on the 15th of February, 1897, by posting in three public places in Summers County, as required by law. This return could not be true without one copy of said summons was posted at the front door of the court house, because the law so requires. I, therefore, consider the return good.

It is also claimed that said return was erroneous because made before the return day, but the statute provides that the officer to whom such second summons is delivered shall forthwith cause copies thereof to be posted, etc., and shall serve the same on or before the return day thereof, and posting must be regarded as service when the defendant is not found.

The plaintiffs in error also claim that the court erred in overruling their motion to quash the affidavit bond, and writ of attachment, and the return thereon, suggesting that it does not state the nature of the plaintiff's demand, so as to show a title or right in the plaintiff to such demand; that the affidavit does not show that it was ever filed in this suit; that the attachment bond does not describe the defendant at all, and the conditions are not equivalent to those prescribed by the statute, and the attachment writ does not describe the defendant as a corporation. This affidavit seems to correspond with the requirements of section 193 of chapter 50 of the Code. It states the nature of the claim, by stating that it is for amount due and payable on stock in the association in the name of J. Speed Thompson, subject to withdrawal, and payable under the rules and by-laws of said defendant association; that said claim is just, and due and payable, and is for the sum of

two hundred dollars. It describes Frank Lively as assignee, and this affidavit is made in a pending suit in which Frank Lively, assignee of J. Speed Thompson, is plaintiff, and is part of the proceeding in that suit; and the affidavit commences by saying: "In the case of Frank Lively, Assignee, vs. The Southern Building & Loan Association of Knoxville, Tenn., a corporation, pending in the court of L. M. Dunn, a justice of the peace;" so that the nature of the claim appears to be sufficiently shown, and the ground for the attachment was stated to be that the defendant was a foreign corporation, and a nonresident of the State of West Virginia.

It is further claimed as error that the affidavit does not show that it was ever filed in the suit, but the transcript of the justice shows that the bond and affidavit were filed on the 1st of February, 1897, and section 182 of chaper 50 provides that the docket, or a transcript thereof, shall be evidence of any proceeding in the case.

It is also claimed that the bond is insufficient in that it does not describe the defendant at all, and that the conditions of the bond are not equivalent to those prescribed by statute. It appears that the defendant corporation is described by its initials, and it is provided that, "if the above-bound Frank Lively shall well and truly pay all costs and damages which may be awarded against him, or sustained by any person, by reason of his suing out the attachment," etc., while the statute provides that the bond shall be "with condition that the plaintiff will pay to such defendant all damages he may sustain by reason of the attachment," etc.; which bond, while not in the exact language of the statute, I regard as substantially the same, and therefore sufficient.

It is also objected that the justice rendered a personal judgment against the defendant, who was a nonresident, and did not appear to answer the summons or action. This is true; but this was an attachment proceeding, and in such proceedings section 203 of chapter 50 of the Code provides that "a judgment rendered by a justice where the summons has not been served on the defendant, and he has not appeared to answer the action, shall have the effect of a judgment only as to the property and claims

of such defendant attached in the action." The case of *Morse* v. *Rector* is relied on by plaintiffs in error (44 W. Va. 202, 28 S. E. 763), but it does not apply to a case wherein there is an attachment proceeding against a non-resident.

It is claimed that the plaintiff never proved his case in the circuit court, but the record shows that the matters of law and fact were submitted to the court in lieu of a jury, and the court affirmed the judgment of the justice as I understand it, in giving judgment against the defendant, and directed that the plaintiff recover of the defendant A. G. Flannagan (the garnishee) the sum of two hundred and eleven dollars and costs, which was equivalent to directing him to pay said amount and costs out of the money of defendant admitted under oath to be in his hands when before the justice; and, that a judgment may properly be rendered against a garnishee, see section 198, chapter 50, Code. This disposes of the points suggested by the plaintiffs in error, and my conclusion is that there is no error in the judgment complained of, and the same is affirmed.

*Affirmed.*