# CHARLESTON.

C. S. DUNN *et al. v.* O. G. BUSH, *Justice, etc., et al.*

(No. 6852)

Submitted September 17, 1930. Decided September 30, 1930.

*Brown, Jackson & Knight* and *C. W. Moxley*, for petitioners.
*Coleman, Thompson & Parsons*, for respondents.

MAXWELL, JUDGE:

The alternative writ of prohibition which was awarded herein by two of the Judges of this Court in vacation was the outgrowth of a purported judgment for $300.00 entered the 10th day of July, 1930, by respondent, A. G. Bush, a justice of the peace of Wood County, in an attachment proceeding of

Robert Burge against C. S. Dunn and Hartford Accident & Indemnity Company, a corporation. The language employed by the justice in his order is as follows: ''Judgment is rendered in due form against the following defendants, C. S. Dunn, and the personal effects levied by the within attachment as follows: one sedan Nash car, Engine No. B-52-083, 1930 model, with West Virginia license No. 15837 for the year 1930, and Hartford Accident & Indemnity Company, a corporation, for the sum of $300.00 and interest and costs in favor of the plaintiff, Robert Burge.''

Under a showing by the petition of Dunn and the Indemnity Company that no process had been served upon either of them, the judges awarded the alternative writ on the theory that the justice had exceeded his jurisdiction in attempting to enter personal judgment without process, and in the absence of general appearance by the defendants.

Now while the said phraseology of the justice's order of July 10th is such as ordinarily would be deemed to constitute a personal judgment, further examination of the justice's docket as of the date mentioned, indicates that he was not in fact attempting to enter such judgment. This appears from examination of the succeeding paragraph of the same order, wherein it is recited that a second summons was issued that day returnable August 20, 1930, with directions to the constable to post the same at three public places in Wood County, one of the said places to be the front door of the courthouse. This further procedure was in compliance with the requirements of Code, chapter 50, section 202. The final order entered by the justice on the return day of the second summons was a confirmation of the judgment of July 10th, ''against the personal effects of the said C. S. Dunn as levied upon by the attachment''. The limited import intended is manifest. There is no showing of effort on the part of either the justice or Burge to enforce the judgment of July 10th as a personal judgment against either Bush or the Indemnity Company.

Another angle: Considering there was a personal judgment, in theory and in fact, against Dunn and the Indemnity Company July 10th, the statute itself expressly makes such

judgment nugatory except as to the personal property attached in the action. Code, chapter 50, section 203 ; *Lively* v. *Building & Loan Association*, 46 W. Va. 180. Why employ prohibition to emasculate a personal judgment, which. under the statute, was sterile from birth ?

Giving the order of July 10th, the meaning the justice evidently intended for it and the effect to which the statute limits it, there exists no basis for a peremptory writ.

*Writ denied.*