ELSIE BARCUS SUTER

*v.*

JUSTUS SUTER

(No. 9728)

Submitted January 15, 1946. Decided February 26, 1946.

*I. M. Underwood*, for plaintiff in error.

*Walter F. Ball*, for defendant in error.

FOX, JUDGE:

This is a *habeas corpus* proceeding instituted by Elsie Barcus Suter, petitioner, against Justus Suter, respondent, in the Circuit Court of Wetzel County, and involves the custody of their two children. By an order entered by said court on the 30th day of January, 1945, the custody of the children was awarded to the petitioner, and to that order respondent, Justus Suter, prosecutes this writ of error.

The parties to this proceeding were married in West

Virginia, on January 20, 1935, and shortly thereafter removed to Steubenville, Ohio, where they resided until about August 1, 1942. Two children, a boy and a girl, who at the beginning of this litigation were approximately eight and five years old, respectively, were born of this marriage. The parties first separated in April, 1942. Soon thereafter a reconciliation was effected, but they finally separated on or about August 1, 1942, at which time Justus Suter returned to the State of West Virginia, and not long thereafter his wife removed to Cleveland, Ohio, where she has continued to reside.

In the latter part of August, 1942, respondent removed the children to the State of West Virginia, where he placed them in the care of his sister and her husband, shown to be reputable people, and where they have since remained. It is shown that the children are receiving proper care; that they are attached to their custodians; and that their custodians are anxious and willing to keep them.

After the removal of the children to West Virginia, to wit, on August 31, 1942, petitioner instituted what is termed a separate maintenance and support proceeding, in the Common Pleas Court of Jefferson County, Ohio. Respondent, then probably a resident of West Virginia, returned to Ohio, where he was served with process in the said proceeding, and appeared therein in person and by counsel. A hearing was held in this proceeding on April 2, 1943, whereupon the said court entered an order decreeing custody of the children to the petitioner herein, and requiring the father to pay twenty dollars a month for each child. Following the entry of this order, according to respondent's statement, he attempted to comply with the same by seeking to deliver the children to the petitioner, in Steubenville, Ohio, but was unable to do so by reason of the fact that petitioner had, in the meantime, removed to Cleveland, Ohio, and her address there was unknown to him.

So far as this record discloses nothing developed in the matter until August, 1944, some sixteen months after the order in the Ohio case. In the meantime, the children remained in West Virginia, in the custody of the sister and brother-in-law of the respondent. On August 2, 1944, Justus Suter, the respondent, instituted his suit for divorce against the petitioner, in the Circuit Court of Wetzel County, West Virginia, in which he prayed for an absolute divorce, and for the custody of the two children. The defendant in that divorce proceeding, the petitioner here, being a nonresident of the State of West Virginia, an order of publication against her was awarded and published. Notice of the institution of this suit reached defendant therein, and she employed counsel to protect her interests, and for some reason the suit was dismissed by the plaintiff therein, at September Rules, 1944. It appears that the mother was preparing to defend the suit, especially as to the custody of the children, relying chiefly upon the order of the Ohio court, aforesaid; and that this fact was communicated to counsel for plaintiff in the divorce suit. Whatever may have been the motive for the dismissal of that suit, it was regularly dismissed.

After the institution of his suit for divorce, in the Circuit Court of Wetzel County, the respondent herein claims that he established his legal residence in Ritchie County, West Virginia; and, acting on advice of his counsel in the divorce suit in Wetzel County, he dismissed that suit, and on September 2, 1944, instituted a like suit for divorce in the Circuit Court of Ritchie County, praying for an absolute divorce and for the custody of the two children. An order of publication was awarded, published and posted against the defendant in the latter suit. On October 9, 1944, a decree of absolute divorce was entered in said suit by the Circuit Court of Ritchie County in favor of plaintiff therein, and the custody of the two children of the parties was decreed to the plaintiff in said suit, the respondent here. On December 11, 1944, the petitioner instituted this

proceeding in *habeas corpus*, based solely on the aforesaid decree of the Court of Common Pleas of Jefferson County, Ohio. Apparently petitioner herein was then unaware of the previous entry by the Circuit Court of Ritchie County of the decree of divorce, and for the custody of the said children.

To the petition filed in the proceeding ·at bar, the father filed his answer on January 5, 1945, and the matter was continued to January 29, following. In said answer, the respondent set up the decree of the Circuit Court of Ritchie County and other matters,·particularly the conditions under which petitioner was then living, and to 'which the children would be subjected if their custody should be decreed to the petitioner; the character of her associates; and her connection with and devotion to a named religious organization; and,·upon these grounds, contended that the petitioner was not a proper person to have the custody of said children. On January 12, 1945, the petitioner filed her replication to said answer, in which she contended that the decree of divorce entered by the Circuit Court of Ritchie County, did not in any way affect her right to the children; and that under the order of the Ohio Court, she was entitled to their custody, notwithstanding said decree of the Circuit Court of Ritchie County. In her petition she made no attack on the validity of the decree of the Circuit Court of Ritchie County; and in her replication, her attack is collateral and, while denying the regularity and validity of that decree, stresses the alleged lack of jurisdiction of that court to award the custody of the children to Justus Suter. Her replication, bearing on this subject, reads as follows:

> " * * * Petitioner is not advised as to the proceedings attempted to have been had at rules in said Circuit Court of Ritchie County, West· Virginia, in said alleged divorce suit, but this petitioner denies the validity and regularity to all such proceedings. Petitioner is not fully advised as to the alleged maturity of said divorce cause in Ritchie County, nor as to the

hearing of same, purported to have been held on the 9th day of October, 1944, at which time a decree is alleged to have been entered therein dissolving the bonds of matrimony between these parties and awarding the custody of the infant children, Justus Suter, Jr., and Marcia Diane Suter, unto the said respondent, and your petitioner now denies the regularity and validity of any such decree and says that the said Circuit Court of Ritchie County, West Virginia, was without jurisdiction to enter any such decree, and particularly without jurisdiction to decree the custody of said infant children, by reason of the fact that the custody of said children had been previously awarded unto your petitioner by order of the Court of Common Pleas of Jefferson County, Ohio, as alleged and set forth in the petition herein. And petitioner says, by way of replication of said answer, that the aforesaid decree of the Circuit Court of Ritchie County, West Virginia, so alleged to have been entered on the 9th day of October, 1944, is a nullity insofar as the custody of said children is concerned."

It will be seen, therefore, that the petitioner herein relies solely upon the contention that full faith and credit should be accorded to the order of the Common Pleas Court of Jefferson County, Ohio. Nothing has been shown herein which raises any question as to the validity of the order entered by the Ohio court. That court apparently had jurisdiction of the subject matter and of the parties, and we think the order entered by said court is entitled to full faith and credit in this State, subject to certain limitations which we think apply to all orders and decrees affecting the custody of children. It is well known that, in determining the custody of children, their best interest is the controlling consideration. Aside from this, were it not for the decree of the Circuit Court of Ritchie County aforesaid, we would say that petitioner, under the order of the Ohio court, would be entitled to prevail in this proceeding, and be entitled to the custody of her children, so long as the order of the Ohio court remained in effect, or had not been superseded by

the decree of a court of competent jurisdiction of the state in which the children reside.

But we are confronted with a situation, which we think is decisive of this particular proceeding. Unquestionably, the children are now, and have been for nearly two years, within the jurisdiction of the courts of this State. The custody and control of the children is one of direct importance to the authorities of the State in which they reside. The children residing in this State, and there being a suit instituted for a divorce, in a court of competent jurisdiction in this State, that court had the right to decree the custody of the children in that suit. Code, 48-2-15, as amended by Chapter 35, Acts of the Legislature, 1935. It was not precluded from decreeing the custody of the children, even if its decree ran counter to that entered by the Ohio court. "A foreign decree or order awarding the custody of a minor child in a divorce suit is not *res adjudicata* in a subsequent proceeding in this State, involving the custody of the infant, where there has been such change in the conditions since the rendition of the foreign judgment as to render its modification desirable for the welfare and protection of the child." *Stapler* v. *Leamons*, 101 W. Va. 235, 132 S. E. 507. In 27 C.J.S. 1283, we find this language: "A decree awarding the custody of the children of the parties in a divorce action will, in another jurisdiction, be given full faith and credit and the same force and effect that it has in the jurisdiction where it was rendered. Except where it is void on jurisdictional grounds * * *, it will, in another jurisdiction, be considered *res judicata* and binding on the parties as a conclusive determination, on the facts before the court at the time of the decree, of all questions concerning the right to custody which were, or could have been, raised at the time of the adjudication." Attention is called to the statement that what is *res adjudicata* is what was done "on the facts before the court at the time of the decree." In 42 C.J.S. 276, it was stated: "While a decree in a suit for separate maintenance is not final and conclusive in all respects, it is conclusive as to all rights finally adjudicated and

will bar another action based on the same facts and asking for the same relief. It will not, however, bar a subsequent action based on rights accruing after the decree, and although not ordinarily a bar to a subsequent action for divorce, it is conclusive in a subsequent suit as to all matters necessarily involved in the separate maintenance proceeding." In 27 C.J.S. 1283, appears the following: "A decree of divorce awarding custody of a child has the same force and effect in another jurisdiction that it has in the jurisdiction where it is rendered; it is binding on the parties as a conclusive determination of the right to custody under the conditions existing at the time of its rendition; and no change of custody will be decreed until some change of circumstances arises which makes it advisable for the welfare of the child; but it does not bar a subsequent suit or proceeding to determine the right to custody; and such suit or proceeding may be brought in another state if the child and its custodian legally reside or are domiciled therein at the time." In *Goldsmith* v. *Salkey* (Tex.) 115 S. W. (2d) 778, 116 A.L.R. 1293, the holding was: "A court whose decree in a divorce action apportions the custody of a child of the marriage between the parents does not thereby acquire such continuing and exclusive jurisdiction to pass upon questions involving the future custody of the child as to preclude, under the full faith and credit clause, the taking of jurisdiction by courts of another state, to which the mother had removed, of a proceeding instituted by the mother and her second husband, while the child was in her custody, alleging a material change in conditions affecting the child's welfare and seeking an order giving her the general custody of the child." There is added to this opinion an annotation, citing many authorities by which this principle is supported. In *Ex parte Alderman*, 157 N.C. 507, 73 S.E. 126, the Court held: "A judgment of a court of a sister state, which awards the custody of a child to the wife obtaining a divorce from her husband subject to the right of the husband to visit the child, and the child to visit the husband at reasonable times, has no extra-

territorial effect, and the child, on becoming a citizen of North Carolina, is not under the control of the courts of the sister state, and such judgment is not entitled to full faith and credit, and in a contest for the custody of the child the courts of North Carolina are governed only by what is for the best interests of the child." We cite these authorities in support of the theory that, notwithstanding the fact that the order of the Common Pleas Court of Jefferson County, Ohio, is entitled to full faith and credit, on the facts presented at the time the same was entered, the subsequent residence of the children within the jurisdiction of the courts of this State, gives to any court of this State, having jurisdiction of a divorce suit between the parents, the right to determine and decree the custody of the children of the marriage sought to be dissolved. We do not think any other line of reasoning can be sustained. Unquestionably, had an order been entered between litigants residing in this State to the same effect as that entered by the Ohio court, such order would not in any wise have barred a court of this State, in a divorce suit between the parents, from making a new order or decree with respect to the custody of their children; and we do not think that, under the full faith and credit clause of our Federal Constitution, a court of any state is required to give to the decree of a court of a foreign state, a higher decree of force or effect than that accorded to the decrees of its own courts. We think, therefore, that the decree of divorce and custody entered by the Circuit Court of Ritchie County on October 9, 1944, so long as the same remains in force and effect, bars relief in a *habeas corpus* proceeding based upon an order entered by the Common Pleas Court of Jefferson County, Ohio.

There being no direct attack upon the decree entered by the Circuit Court of Ritchie County on October 9, 1944, and the replication filed by the relator being, at most, a collateral attack thereon, we cannot hold void the Ritchie County decree. There is an intimation that this decree was obtained through fraud, in that plaintiff

therein was not a *bona fide* resident of Ritchie County at the time he instituted his suit, and, therefore, that court did not have jurisdiction; but there is no satisfactory proof of that contention in the record before us. We cannot hold void the decree of the circuit court where the attack thereon is, at the most, collateral; nor could we do so in a direct attack, without supporting proof.

The petitioner herein is not without remedy to attack the decree of the Circuit Court of Ritchie County. A decree of divorce may be entered in a divorce suit on an order of publication. Such order of publication has the same effect as in other cases in chancery. Code, 48-2-10. When we inquire as to the rights of the person proceeded against by publication, we turn to Code, 56-3-26, and Code, 38-7-43. Apparently, all questions affecting the jurisdiction of the Circuit Court of Ritchie County to enter a decree of divorce, and for the custody of the children aforesaid, can be raised by appearance in that suit. That being true, we are of opinion that a peremptory writ of *habeas corpus* cannot issue in the face of the existing decree of the Circuit Court of Ritchie County. Should that decree be set aside, the question of the force and effect of the order of the Common Pleas Court of Jefferson County, Ohio, might again arise; but even then, we think that in a suit for divorce in this State, in a court of competent jurisdiction, the custody of children may be decreed, notwithstanding the order of the Ohio court.

We therefore reverse the order of the Circuit Court of Wetzel County and dismiss the writ of *habeas corpus* without prejudice to any rights petitioner may have to obtain a review of the divorce suit in the Circuit Court of Ritchie County.

*Reversed; proceeding dismissed.*