Cyrus S. Smith

v.

Elizabeth M. Smith

(CC 817)

Submitted September 2, 1954. Decided October 19, 1954.

*Bonn Brown,* for plaintiff.

*Myron B. Hymes, Hymes & Coonts,* for defendant.

GIVEN, PRESIDENT:

Plaintiff, Cyrus S. Smith, instituted a proceeding under the Uniform Declaratory Judgments Act against defendant, Elizabeth M. Smith, in the Circuit Court of Randolph County. Service of process was had on defendant by delivery of a copy thereof to her in the State of Minnesota. Special appearance was made by her for the purpose of filing a plea in abatement to the jurisdiction of the court. The plea alleged the existence of certain facts for the purpose of establishing that the court did not, by virtue of such service of process, obtain jurisdiction over the person of defendant. The proceeding was thereafter transferred to the Circuit Court of Braxton County. After the transfer plaintiff filed his demurrer to the plea, which the Circuit Court of Braxton County sustained. That court certified to this Court the questions arising on the demurrer. To understand these questions, we must look to some of the facts in two cases previously prosecuted, one in the Circuit Court of Randolph County and the other in the District Court, Eleventh Judicial District, State of Minnesota, County of St. Louis.

Plaintiff, a resident of Elkins, West Virginia, and defendant, a resident of Duluth, St. Louis County, Minnesota, were married at Duluth about June 28, 1946. Thereafter, they resided together at Elkins, West Virginia, until sometime in January, 1952. In February, 1952, the wife left the husband and returned to Duluth, taking with her the two minor children, issue of the marriage, where she, with the children, has since remained. Since returning to Minnesota the wife has claimed that state as the state of her residence.

On April 1, 1952, the husband instituted a chancery proceeding in the Circuit Court of Randolph County, praying for a divorce from the wife and custody of the children. That court decreed a divorce to the husband and awarded

to him custody of the children. On appeal to the Supreme Court of Appeals of West Virginia the decree, in so far as it granted a divorce to the husband, was reversed, but was affirmed in so far as it awarded custody of the children to him. It is significant that the Supreme Court of Appeals held, on the appeal, that the wife had made a general appearance in the divorce proceeding. See *Smith* v. *Smith*, 138 W. Va. 388 76 S. E. 2d 253. The final decree entered in the cause by the Circuit Court of Randolph County was entered on December 1, 1952. The appeal to the Supreme Court of Appeals of West Virginia was granted January 26, 1953. The opinion of the Supreme Court of Appeals rendered in the case was handed down June 9, 1953.

On February 10, 1953, the wife instituted in the District Court, Eleventh Judicial District, State of Minnesota, a proceeding praying for divorce and custody of the two children. Process in the Minnesota State proceeding was had on the husband by delivery of a copy thereof to him in Randolph County, West Virginia. No personal appearance was made by him in the proceeding. On March 20, 1953, the Minnesota Court granted a divorce to the wife and awarded her custody of the children. The instant proceeding under the Uniform Declaratory Judgments Act was instituted for the purpose of having the rights of the parties as to custody of the children determined. No question as to the validity of the divorce granted by the Minnesota Court is involved.

The wife, in her plea in abatement filed in the instant Uniform Declaratory Judgments Act proceeding, alleges that she was not a resident of the State of West Virginia at the time of the service of process on her. She contends that the instant proceeding is one *in personam,* that service of such process on her outside the State of West Virginia is insufficient to give the Circuit Court of Randolph County jurisdiction over her person, and that such process can have no other effect than an order of publication would have had. She also contends that the return of service of such process is invalid for the reason that the

affidavit of service, showing the manner thereof, does not state that she was a non-resident of the State of West Virginia at the time of such service.

We first consider the question relating to the return of service of process. An examination of the return reveals that it fails to state defendant is a non-resident of West Virginia. Code, 56-3-25, dealing with personal service of process outside the State, in so far as material here, provides: "* * * Personal service of a summons, scire facias or notice may be made on a non-resident defendant out of this State, which service shall have the same effect, and no other, as an order of publication, duly published against him. In such case the return shall be made under oath and shall show the time and place of such service, and that the defendant so served is a nonresident of this State. Upon any trial or hearing under this section, such judgment, decree or order shall be entered as may appear just". The specific requirement of the statute that the return of such service shall show "that the defendant so served is a nonresident of this State" can not be ignored. The Legislature must be deemed to have had good cause for inserting that provision in the statute. See *Town of Camden on Gauley* v. *O'Brien,* 138 W. Va. 787, 79 S. E. 2d 74; *Evans* v. *Hale,* 131 W. Va. 808, 50 S. E. 2d 682; *Littletown Savings Institution* v. *Bream,* 95 W. Va. 351, 121 S. E. 169; *State* v. *Young,* 94 W. Va. 7, 117 S. E. 688; *Adkins* v. *Globe Fire Insurance Co.,* 45 W. Va. 384, 32 S. E. 194; *Douglass* v. *Kanawha & Michigan Railway Co.,* 44 W. Va. 267, 28 S. E. 705. The provisions of the statute just quoted require no construction or interpretation. As they relate to the question here involved, they are clear and definite. They simply require that "* * * In such case the return shall be made under oath and shall show the time and place of such service, and that the defendant so served is a nonresident of this State * * *". The return of process made in the instant case is invalid, for the reason that it does not comply with the requirement of the statute.

In 1 C. J. S., Actions, Section 1, it is stated: "An action in personam is an action against the person, founded on a personal liability; an action seeking redress for the violation of a jus in personam or right available against a particular individual; an action against the person, which involves his personal rights, and may involve his right to specific property or the exercise of the ownership thereof, but is based on jurisdiction of the person; a proceeding, in form as well as in substance, between the parties claiming a right, and that it is so inter partes appears from the record itself." In the same section it is also stated: "As its name implies, an action in rem is an action or proceeding against a 'thing' or property, instead of a person; a proceeding to determine the state or condition of the thing itself; a judicial proceeding against the thing itself, which terminating in a valid judgment binds all the world."

"In Personam, In Rem", are defined in Black's Law Dictionary, Fourth Edition, page 899, in this language: "In the Roman law, from which they are taken, the expressions *'in rem'* and *'in personam'* were always opposed to one another, an act or proceeding *in personam* being done or directed against or with reference to a specific person, while an act or proceeding *in rem* was one done or directed with reference to no specific person, and consequently against or with reference to all whom it might concern, or 'all the world.' The phrases were especially applied to actions; an *actio in personam* being the remedy where a claim against a specific person arose out of an obligation, whether *ex contractu* or *ex maleficio,* while an *actio in rem* was one brought for the assertion of a right of property, easement, *status,* etc., against one who denied or infringed it." With these clear distinctions between an action *in personam* and one *in rem* before us, we have no difficulty in concluding that the instant proceeding is one *in personam.* The relief sought relates to personal rights, rights of persons to custody of children, not an action against "property" instead of a "person". The rights sought are only rights personal to

the litigants, not rights "against all the world". See *Dulin* v. *McCaw*, 39 W. Va. 721, 20 S. E. 681; *Hall* v. *Hall*, 12 W. Va. 1; 11 M. J., Judgments and Decrees, Section 10.

Does personal service of process on a defendant outside the State of West Virginia give a court of this State jurisdiction over the person of the defendant in a proceeding prosecuted under the Uniform Declaratory Judgments Act? Rule XVIII of Rules of Practice for Trial Courts, promulgated by this Court February 10, 1947, in so far as material, provides that: "* * * The plaintiff in any proceeding to obtain any relief provided for by the uniform declaratory judgments act * * * after thirty days' notice in writing to the defendant, file his petition * * * The written notice herein provided for * * * shall be duly served upon the defendant in any of the methods provided by law for the service of notices and shall constitute process in such proceeding * * *".

The provisions of Code, 56-3-25, previously quoted, limit the effect of personal service of process on a nonresident outside the State to "the same effect, and no other, as an order of publication". Since the instant proceeding is one *in personam*, and the service of process had on defendant was by delivery to her in person of a copy thereof outside this State, and since the pertinent provisions of Code, 56-3-25, clearly limit the effect of such service to that of service by publication, we necessarily hold that the Circuit Court of Randolph County and the Circuit Court of Braxton County have not obtained jurisdiction of the person of the defendant wife by such service. See *Suter* v. *Suter*, 128 W. Va. 511, 37 S. E. 2d 474; *Perkins* v. *Hall*, 123 W. Va. 707, 17 S. E. 2d 795; *Marsh* v. *O'Brien*, 82 W. Va. 508, 96 S. E. 795; *Anderson* v. *Anderson*, 74 W. Va. 124, 81 S. E. 706; *Bacon* v. *Bacon*, 68 W. Va. 747, 70 S. E. 762; *White* v. *White*, 66 W. Va. 79, 66 S. E. 2, 135 Am. St. Rep. 1013, 24 L.R.A., N.S., 1279, 26 A.L.R. 1110n.

In *Bacon* v. *Bacon, supra,* wherein process was served in another state on the wife in a divorce suit, this Court stated: "Process served on her, outside of the state, had no

other effect than an order of publication would have had." In *White* v. *White, supra,* this Court held: "3. Acceptance generally of service of process of a circuit court, or of this Court, by a non-resident defendant outside the state, will have no other effect than service on the acceptor outside the state, or order of publication duly published and posted as provided by statute." See *Marks* v. *Mitchell,* 90 W. Va. 702, 111 S. E. 763; *Witten* v. *St. Clair,* 27 W. Va. 762; *Bailey* v. *Bailey,* 172 Va. 18, 200 S. E. 622; *Bray* v. *Landergren,* 161 Va. 699, 172 S. E. 252. "To render a judgment or decree binding, the court rendering the same must have jurisdiction both of the parties and of the subject matter." 11 M. J., Jurisdiction, Section 8. We need not multiply authorities in support of the position that a court is without jurisdiction to render a personal judgment or decree against a defendant in a proceeding wherein such defendant was proceeded against only by an order of publication. The Uniform Declaratory Judgments Act does not attempt to change that well settled rule of law.

Plaintiff contends further, however, that since the wife made a general appearance in the divorce suit prosecuted in the Circuit Court of Randolph County, wherein the custody of the children was involved, the circuit court of that county has continuing jurisdiction as to questions of such custody, and that service of process in the instant Uniform Declaratory Judgments Act proceeding was unnecessary. He would rely on provisions of Code, 48-2-15. In so far as material, such provisions are: "Upon decreeing a divorce, the court may make such further decree as it shall deem expedient * * * concerning the care, custody * * * of the minor children * * * and the court may, from time to time afterward * * * revise or alter such decree concerning the care, custody * * * and make a new decree concerning the same, as the circumstances of the parents and the benefits of the children may require * * *". There can. be no doubt that a court, in a suit wherein a divorce has been awarded and a decree has been entered relating to custody of minor children, has

continuing jurisdiction as to the subject matter of custody of the children, and may make further decrees in the same suit concerning such custody, where subsequent changes or conditions warrant. See *Crouch* v. *Easley,* 119 W. Va. 208, 192 S. E. 690; *Settle* v. *Settle,* 117 W. Va. 476, 185 S. E. 859; *Buseman* v. *Buseman,* 83 W. Va. 496, 98 S. E. 574. Notwithstanding this continuing jurisdiction, however, due process requires that reasonable notice of any hearing as to a change in custody must be given interested parties. *Harloe* v. *Harloe,* 129 W. Va. 1, 38 S. E. 2d 362. If notice is required in a proceeding wherein the court has continuing jurisdiction, *a fortiori,* notice should be required in a separate or independent proceeding. Moreover, Rule XVIII, referred to above, expressly requires service of process "in all proceedings" prosecuted under the Uniform Declaratory Judgments Act.

The conclusions reached make it unnecessary, if not improper, to consider other questions raised by the parties. It necessarily follows from such conclusions that the demurrer of plaintiff to defendant's plea in abatement should be overruled, and that the rulings of the Circuit Court of Braxton County should be reversed.

*Rulings reversed.*