# CHARLESTON.

R. F. REYNOLDS *v.* BESSIE REYNOLDS

(No. 6896)

Submitted October 14, 1930. Decided October 21, 1930.

*J. Luther Wolfe,* for relator.
*B. W. Craddock,* for respondent.

MAXWELL, JUDGE:

Relator and respondent were formerly husband and wife, respectively. By this proceeding in habeas corpus, relator seeks to obtain from the respondent the custody of their nine year-old daughter, Ruth.

These parties were married April 14, 1920, and separated June 25, 1920. The child was born in January, 1921. Neither of the parties has property of any consequence. During the time they lived together as husband and wife, they were at the home of relator's parents in Jackson County. Relator's father is a farmer of substantial means. Following the separation, the respondent made her home with her parents, The Reverend R. L. Martin and his wife. The said R. L. Martin died April 5, 1930.

In November, 1925, in a divorce suit instituted by relator against respondent, in the circuit court of Jackson County, relator obtained a decree dissolving the bonds of matrimony between the parties. Under the terms of the decree, the custody

of the child was awarded said R. L. Martin until the further order of the court. The said adjudication as to the custody of the child is predicated on the following recitals appearing in the decree:

"And the court taking under consideration the custody of the said infant child, Ruth Reynolds, a girl now past four years old, is of opinion that the said R. L. Martin, the grandfather of the said child, and who it was shown to the court has shared largely in the burdens of rearing said child to the present time, is entitled to the custody, care, management and control of said child at the present time. And the plaintiff recognizing the attachment which has grown up between said child and its said grandfather does not contend that the court at this time take said child from its said grandfather in order to place the same in his custody."

Since the death of her father, the respondent has continued to reside with her mother. They are of very limited means, but are enabled to maintain a home through the assistance of relatives who say they are willing to continue such assistance. Respondent and her mother now live at Sistersville, where respondent does sewing for remuneration. The relator has furnished some money to the respondent to be used in the maintenance of the child.

No good purpose would be subserved by reciting details of events incident to the living together of the parties as husband and wife or their separation, or the subsequent misfortune of either of them. It is sufficient to say that it appears from the record that the child is being well cared for and properly reared by its mother and grandmother. The evidence adduced by the relator in no wise convinces us that this mother is unfit to be further entrusted with her Godgiven responsibility of looking after the welfare of her child. When a court exercises its great authority in taking from a mother her child of tender years, particularly a female child, such course is justifiable only where the most cogent reasons exist. And, recognizing that in a normal mother, such as we believe this one to be, the deep seated impulse to care properly for her young

child is the controlling thought of her life, the mantle of charity should be thrown around her to the end that mistakes may be forgotten and the good may be emphasized. Since none are without fault, charity should prevail.

As has often been held by this and other courts, the primary consideration in controversies involving the custody of a child is the child's welfare, which will be looked to rather than the technical rights of either of the parties asserting claim to the custody. *Cooke* v. *Williams*, 107 W. Va. 450, and cases cited. We would not be warranted by the record in holding that a change of custody of this young girl would operate better for her welfare than to leave the custody as we find it.

Having in mind the fact that as a general rule a little girl cannot be in the custody of any person who will be quite so much interested in her welfare as her own mother, and perceiving no substantial reason why that general truth does not apply in this case, we decline to disturb the custody of this child, and dismiss the proceeding.

*Dismissed.*