CLEO B. FRAME *v.* ROBERT A. WEHN *et al.*

(No. 8687)

Submitted May 10, 1938.   Decided May 24, 1938.

*W. P. Samples,* for appellant.
*Harry Friedman,* for appellee.

RILEY, JUDGE:

This proceeding involves the custody of Dolores B. Wehn, a female child nine years of age. Cleo B. Frame, the child's mother, filed her petition in the circuit court of Taylor County against Robert A. Wehn (deceased pendente lite), the child's father and petitioner's divorced husband, and Charles W. Wehn, the paternal grandfather, to the latter of whom the custody of the child had been previously decreed. From a decree awarding to the

mother the custody, support, maintenance and education of the child, the grandfather prosecutes this appeal and supersedeas.

The petition in the court below alleges that on October 18, 1935, the petitioner was awarded a decree of divorce from her then husband, Robert A. Wehn; that the chancellor, at that time, in view of petitioner's then financial inability to support her child and the financial inability and unwillngness of the child's father to provide and furnish the petitioner with the funds and means required for its support, maintenance and education, and upon her own willingness and consent so to do, awarded the care and custody of the child to its grandfather, Charles W. Wehn; that upon information and belief her daughter is not being given the care and attention which a child of her tender years properly requires; that there is no woman in the home of the grandfather where the child is being supported; and that she is otherwise being neglected. The petitioner further alleges that on April 4, 1936, she married one Richard O. Frame; that she and her husband reside in Pittsburgh, where the latter is employed as an electrician, earning about $200.00 per month; that both she and her husband desire the custody of the child and are willing and able to support it; that the child is now of an age when it is peculiarly important that it should be under the control and supervision of its mother.

The answer of respondents, except for the admission that there was no woman in the home, denied in substance the allegations of the petition. An amended and supplemental answer was later filed setting forth that a woman had been secured in the grandfather's home for the purpose of giving care and attention required by the child.

From the record it appears that petitioner was married to respondent, Robert A. Wehn, in 1926; that, in 1931, the couple, together with their child (born in 1928) came to the home of the grandfather; and that in August, 1935, petitioner instituted a suit in divorce, charging

said respondent with desertion, in which suit a decree of divorce was entered in petitioner's favor. In her bill of complaint in that suit petitioner, after alleging, among other things, the ability and willingness of the grandfather, who, since 1931, had been and still was supporting and maintaining the child, to have its custody, and her inability to support it, requested that the child be given into the custody of its grandfather. And, in conformity therewith, the custody was so awarded in the divorce decree "until the further order of the Court."

It appears that the grandfather is in comfortable circumstances. He resides in a seven-room house in the City of Grafton, worth about $10,000.00. He owns several lots in the city, a small tract of coal of doubtful value, and an interest in two business buildings from which he obtains about $300.00 a month under ten-year lease. He testified of his love and affection for the child, of his intention to provide for her at his death and his willingness to educate her.

On the other hand, neither the petitioner nor her present husband has any real or personal property, except furniture partly paid for. They do, however, reside in a four-room apartment on the third floor of a residence building in Pittsburgh; the husband has rather regular employment from which he earns at least $200.00 a month, and if the child is awarded to them, they represent that they will procure larger quarters. The record discloses the proximity of schools and parks to the petitioner's present residence. Her moral fitness to assume the custody of the child is well supported by both pleadings and proof.

The only major conflict of the evidence involves the circumstances under which the petitioner left the Wehn home in 1935, shortly before the institution of the divorce suit. The grandfather testified, in effect, that petitioner told him that he wanted the child and that he could keep her. This statement is denied. There is conflict as to whether the child was properly cared for and whether the petitioner was refused at times the oppor-

tunity to see the child. These conflicts, however, by the court's decree, have been solved in favor of the petitioner. His findings are not clearly wrong. Therefore, they cannot be disturbed on appeal, and this court must take the petitioner's version of the story. *Highland* v. *Davis,* 119 W. Va. 501, 195 S. E. 604; *Spradling* v. *Spradling,* 118 W. Va. 308, 190 S. E. 537; *Wade* v. *Wade,* 115 W. Va. 132, 174 S. E. 787; *First National Bank* v. *McCloud,* 112 W. Va. 537, 540, 165 S. E. 799.

The grandfather seems to rely heavily on *Green* v. *Campbell,* 35 W. Va. 698, 14 S. E. 212, 29 Am. St. Rep. 843; *Fletcher* v. *Hickman,* 50 W. Va. 244, 40 S. E. 371, 55 L. R. A. 896, 88 Am. St. Rep. 862, and like decisions which lay down the general principle that a parent seeking to recover the custody of his child, prevously transferred to another by fair agreement, must show that the proposed change will materially promote the child's welfare, moral or physical. However, there is nothing in this record showing any understanding on petitioner's part to relinquish her right to subsequently seek the custody of the child if her financial condition should improve. The bill of complaint in the divorce case does not allege that there was an agreement on petitioner's part to relinquish all further rights to the grandfather. Clearly, the awarding to the grandfather was prompted by the then financial disability of the mother to support the child. Moreover, as heretofore noted, the chancellor, in awarding the custody of the child, provided that it be placed with the grandfather "until further order of the Court."

The fact that the child in the grandfather's custody would be better off financially, with the attendant advantages, is not necessarily controlling in this case. Nor does the petitioner's case fail merely because of her failure to show any wanton neglect on the grandfather's part. Here, the age and sex of the child, together with all the attendant circumstances, including the natural attachment between a mother and child, were under consideration by the trial chancellor. There being no agree-

ment as to the custody, the chancellor, in his deliberations bearing on the custody of this child, was untrammeled except by the well established and often invoked rule that "In contest over the custody of an infant, the welfare of the child is the polar star by which the discretion of the court is to be guided." *Reynolds* v. *Reynolds*, 109 W. Va. 513, 155 S. E. 652; *State ex rel. Cooke* v. *Williams*, 107 W. Va. 450, 148 S. E. 488; *State ex rel. Palmer* v. *Postlethwaite*, 106 W. Va. 383, 145 S. E. 738. The discretion, as to whether a particular custody will best subserve the welfare and interests of the child, which resides in the trial chancellor is wide indeed. Each case, however, is to be determined according to its own circumstances, and the decision of the chancellor will not be set aside except in a clear case of an abuse of discretion. *State* v. *Reuff*, 29 W. Va. 751, 2 S. E. 801, 6 Am. St. Rep. 676; *Green* v. *Campbell, supra.*

Error is also assigned on the ground that the grandfather, who, after the death of Robert A. Wehn, had himself appointed as administrator of the latter's estate, and also as guardian of the child, was not, in such official capacities, made a party respondent. Suffice to say, an administrator has to do only with the estate of his decedent and the institution of actions for wrongful death. Under Code, 44-10-7, in a contest between a surviving parent and another person over the custody of a child its guardian is not a necessary or proper party. Only where both parents are dead or living separate and apart does the foregoing section provide for the intervention of a guardian in the proceedings. The exception in favor of the parents, however, does not extend as of right to the grandparents. *Mathews* v. *Wade*, 2 W. Va. 464. And notwithstanding the syllabus in the last mentioned case, by virtue of statutory change, the petitioner's second marriage does not destroy her prior statutory right. *State* v. *Reuff, supra*, 757 of 29 W. Va.

We, therefore, are of the opinion that the trial chan-

cellor did not err. The decree complained of is hereby affirmed.

*Affirmed.*