ANNIE M. WILSON *v.* THE MUTUAL PROTECTIVE ASSOCIATION OF WEST VIRGINIA

(CC 594)

Submitted October 4, 1938.    Decided October 11, 1938.

466

*Wm. T. George* and *J. Blackburn Ware,* for plaintiff.
*H. G. Muntzing* and *D. D. Stemple,* for defendant.

MAXWELL, PRESIDENT:

On this certification there is presented for appraisal a bill in equity which the trial chancellor, on demurrer, adjudged insufficient.

The primary purpose of the suit is to collect the amount of loss arising under two fire insurance policies, each of which provides that no suit nor action thereon shall be sustainable "unless commenced within twelve months next after the fire." No action at law having been instituted by the plaintiff within the contractual limitation period, she thereafter instituted this chancery suit. To support equity jurisdiction, the essence of her allegations is that her failure to sue at law within the year was occasioned by the fraudulent, deceitful and repeated representations and assurances of officials of the defendant that no procedure on the part of the plaintiff

to procure settlement was necessary, and that the loss would be paid as soon as passed on by the defendant's directors. These promises, it is alleged, continued until the expiration of the year, whereafter there was denial of liability.

For redress of the plaintiff's alleged wrongs, there is adequate remedy at law. The matters she presents as grounds for equity would be available at law in support of a replication to a special plea raising the contractual limitation of her right of action, if such plea should be filed by the defendant.

It is trite, that the statute of limitations must be specially pleaded. And, where limitation is pleaded, if there is anything to take the case out of the statute, it may be presented by special replication. *Rice* v. *White*, 31 Va. 474, 4 Leigh 474; *National Bank* v. *Spates*, 41 W. Va. 27, 33, 23 S. E. 681, 56 Am. St. Rep. 828; 17 Ruling Case Law, p. 999.

Where a contractual limitation goes only to the remedy and not to the substantive right, pleadings, whether of defense or reply thereto, are on the same basis as those respecting statutory limitation. This is necessarily true because the invoking of limitation, whether contractual or statutory, is a defensive matter which may or may not be brought forth by the defendant. This analysis is especially applicable to actions on insurance policies because of the prescribed statutory procedure. Code, 56-4-21 and 22. Under section 21 there must be specification of defense, and under 22 any matter of waiver, estoppel or confession, and avoidance must be replied specially.

Inasmuch as the matters herein relied on by the plaintiff to establish equity jurisdiction will be available to her in an action at law, there must be here applied the familiar principle: "When a demand, whether arising out of the relationship of principal and surety, or upon contract, express or implied, is purely a legal one, and not requiring the intervention of a court of equity for its enforcement, equity is without jurisdiction to grant

relief." *United States Fidelity & Guaranty Co.* v. *Home Bank for Savings*, 77 W. Va. 665, 88 S. E. 109.

For the reasons thus stated we are of opinion the circuit court committed no error in sustaining the demurrer to the bill, but following such ruling, the cause should have been transferred to the law side of the court under Code, 56-4-11, which provides that "no case shall be dismissed simply because it was brought on the wrong side of the court", but shall be transferred to the proper side.

In the light of the foregoing we modify the decree in the particular last mentioned, and, as modified, affirm the same, and remand the cause for further proceedings.

*Modified and affirmed; remanded.*