MARGARET PUKAS

*v.*

MAXINE M. PUKAS, *et al.*

(No. 9872)

Submitted January 9, 1947. Decided March 4, 1947.

*J. V. Gibson, Cramer W. Gibson* and *Milford L. Gibson,* for appellants.

*F. E. Parrack,* for appellee.

KENNA, JUDGE:

This habeas corpus proceeding was brought in the Circuit Court of Preston County by Margaret Pukas against Maxine M. Pukas and David F. Chidister for the purpose of recovering from the respondents the custody of three year old Laura Pukas, the child of Maxine M. Pukas by John W. Pukas, her husband at that time and the son of relator. From an order quashing the return of the respondent and awarding the control and custody of Laura Pukas to Margaret Pukas, her paternal grandmother, this Court granted an appeal and supersedeas. No proof was taken in the Circuit Court and its order apparently is based upon the undenied averments of the relator's verified petition. The petition is not signed by the relator nor by counsel although the supporting affidavit that immediately follows its conclusion is properly executed by the relator and verifies the petition's contents without qualification. Since the absence of the formal signing of the petition, as distinguished from its required verification, is an ommission which could have been quite easily corrected in the Circuit Court, and since the respondents appeared and filed their answer to the petition without raising the question, we are of the opinion that on appeal in this respect the petition should be regarded as sufficient.

The petition alleges that in January, 1946, John W. Pukas was awarded a divorce from Maxine M. Pukas, and that Laura Pukas, aged three, of whom they were the parents, was committed to the custody of her father; that on February 13, 1946, Maxine M. Pukas brought "custody proceedings" in the Municipal Court of Philadelphia where all parties concerned were located, and that in that proceeding she agreed in open court with the father, then in the service of the United States Army, that the best interests of the child required that her custody be awarded to petitioner and that the court decreed accordingly; that on March 27, 1946, after the father had left this country, Maxine M. Pukas filed a petition to reopen the custody proceeding, and that, the

Municipal Court of Philadelphia not then nor since then having acted upon the petition, the legal custody remained with petitioner, and petitioner kept the child until Sunday, April 14, 1946, when Maxine M. Pukas called at petitioner's home at ten o'clock in the morning and took the child for a walk, not returning her to petitioner's home but, without informing petitioner, took the child from Philadelphia to Preston County, West Virginia, where the child is now being illegally kept and detained by Maxine M. Pukas and by David F. Chidister, her father and the maternal grandfather of the child; that the detention of the child in Preston County by Maxine M. Pukas and David F. Chidister is in violation of the decree of the Municipal Court of Philadelphia and constitutes a contempt of its authority, and that petitioner is amply able, physically, financially and morally, to care properly for the child and that the child's best interests will be favored and conserved if a writ of habeas corpus is awarded petitioner.

There appear in this record duly authenticated copies of the orders of the Second Judicial District Court of Nevada in the divorce proceeding of John W. Pukas against Maxine M. Pukas, as well as a transcript of the testimony, also authenticated, in that proceeding. There also appears a copy of the record in the proceeding before the Municipal Court of the City of Philadelphia, duly authenticated. These papers are included in the record by the certificate of the Circuit Clerk of Preston County, stating that they were filed as exhibits with the petition on June 10, 1946. Otherwise they are not identified nor made a part of the record. It seems to be apparent, however, that they were considered by the trial judge, and since respondent's return attempts a collateral attack upon both the proceedings and raises no question concerning the consideration of the record of either, we are disposed to consider them here, although that course does not constitute an approval of a decidedly irregular practice of considering as exhibits papers not referred to nor identified by the pleadings.

The allegation of the petition to the effect that the Philadelphia Court awarded the custody of the child to the petitioner is in error. It did award custody to John W. Pukas with the understanding, shown by the transcript, that he was then in the armed service of the United States ordered overseas and that the child would be left by him in the actual care of his mother, Margaret Pukas, the petitioner. To this Maxine M. Pukas agreed.

Speaking strictly, the writ of habeas corpus involves only the question of whether the detention of the body of an individual is lawful or unlawful and the writ, if made permanent, simply restores freedom to the individual whose restraint is involved. It does not award custody to another. The petitioner need not be the person whose restraint is involved but merely some person who has a legally justified interest in his freedom, such as father, son, brother or aunt, who is not seeking to establish a superior right to custody, but simply to end one that is unlawful. The return or answer may, but need not, traverse the allegations of the petition, but it must show a lawful right to the possession of the subject's person. The matter is usually based upon the sufficiency of the return and the evidence introduced to sustain it. If the confinement is unlawful, the allegations of the petition become inconsequential. See 25 Am. Jur. 234.

However, the procedure is different where the custody of an infant is concerned. Habeas corpus then becomes like unto a chancery proceeding in *rem*, with the child as the *res*. 25 Am. Jur. 202. The welfare of the child is the outstandingly paramount question and the proceeding is addressed to the sound discretion of the court, the exercise of which will not be reversed unless plainly abused. *Frame* v. *Wehn*, 120 W. Va. 208, 212, 197 S. E. 524. The court is not bound by any particular rule to deliver to any particular claimant the custody involved, the law recognizing no absolute right to the child's custody, although by statute in West Virginia a husband

and wife while living together are accorded their child's joint custody.

> "But the court is in no case bound to deliver the child into the custody of any claimant, but may leave it in such custody as the welfare of the child at the time appears to require." *Green* v. *Campbell,* 35 W. Va. 698, Pt. 4, Syl., 14 S. E. 212.

To the same effect is the holding of this Court in *Stapler* v. *Leamons,* 101 W. Va. 235, 132 S. E. 507, citing the *Green* case at page 241. The latter case also deals with a foreign decree and states the recognized rule that the order of a court of record, foreign or domestic, awarding custody, is not binding if, since its date, the circumstances have undergone a considerable change. Here we believe they have not. As approving the holding in the *Green* case see also *Frame* v. *Wehn,* 120 W. Va. 208, 197 S. E. 524.

Since habeas corpus proceedings involving the contested custody of infants are closely related to chancery proceedings in which issues are developed by the pleadings, due to the fact that they are not simply an attack upon an unlawful detention, but are controversies between rival claimants to the care and custody of an infant, this case turns largely, in our opinion, upon whether the Circuit Judge erred in quashing the return of the respondent and entering an order awarding the custody of Laura Pukas to the petitioner, Margaret Pukas, based upon the allegations of the petition accompanied by a record of the divorce proceedings in Nevada and a record of the custody proceedings in the City of Philadelphia, both of which contain orders awarding the custody of Laura Pukas to her father, John W. Pukas.

We have carefully examined the return and find that it contains no specific denial of the material allegations of the petition. In our opinion it sets up no defense except the general denial that the custody of Laura Pukas exercised by Margaret Pukas would be legal. Its principal purpose seems to be to attack collaterally the decree in the divorce proceedings in Nevada and the order in

the custody proceeding in Philadelphia. We do not believe that the allegations are sufficient to show either to be void. Full faith and credit must be given to the judgment of courts of record of other states, and the only way that they are subject to attack in a different state is by a showing that they are void. *Perkins* v. *Hall*, 123 W. Va. 707, 17 S. E. 2d 795. The allegations of the return could not possibly have this effect. It does contain allegations on information and belief to the effect that Margaret Pukas is engaged in an employment that would prevent her giving attention to the care of Laura Pukas and a number of factual conclusions as to the care Maxine M. Pukas could bestow at the home of her father, David F. Chidister, where she lives, being employed in Kingwood, to and from which she commutes daily, leaving the child in the care of her mother, Elma Chidister. Of course these latter allegations could not possibly affect the divorce decree nor the order of the Philadelphia Municipal Court, as they do not expressly allege a change in circumstance since the entry of either that would alter the sound discretion of a trial chancellor or judge. To the contrary, in so far as changed circumstances are concerned, the respondent's return could have the opposite effect because in it appears this statement: "* * * by reason of the fact that she was advised that the said John W. Pukas was again going over seas in military service of the United States Government she felt that she would have a much better opportunity of securing the custody of said infant child at a later date * * *." That averment refers to the Philadelphia proceedings and is intended to excuse respondent's consent to the actual custody being allowed petitioner while her son was overseas in active service. When that course of conduct is considered in connection with the fact that Maxine Pukas admits that she took the child from Philadelphia to Preston County without afterward informing the child's grandmother in whose care it then was, the Circuit Court doubtless considered those occurrences as at least additional information disclosed since the

Philadelphia hearing and reason to question the training the child would receive in her care.

For the foregoing reasons the judgment of the Circuit Court of Preston County is affirmed.

*Affirmed.*

Lovins, Judge, dissenting:

The grave responsibility attendant upon deciding who shall have the custody of a child is accentuated in this case by reason of the fact that the child whose custody is here in question is a female child three years old.

With all deference to the views of my colleagues, constituting the majority, I do not think the decision of the Court in this case is justified by the facts or authorized by law, and therefore this dissent.

The first question presented by this record relates to the decree of the Second Judicial District Court of Nevada in a divorce proceeding between the father and mother of the child, and the order of the Municipal Court of the City of Philadelphia. The binding force and effect of the constitutional provision of Section I, Article IV of the Constitution of the United States is not to be denied, and a matter once adjudicated in the courts of one state should be given full faith and credit in the courts of another state. But there is well-defined exception to that constitutional rule founded on reason and supported by authority. This exception relates to the custody of a minor child. This Court has held: "A foreign decree or order awarding the custody of a minor child in a divorce suit is not *res judicata* in a subsequent proceeding in this State, involving the custody of the infant, where there has been such change in the conditions since the rendition of the foreign judgment as to render its modification desirable for the welfare and protection of the child." *Stapler* v. *Leamons,* 101 W. Va. 235, 132 S. E. 507. The foregoing rule was reiterated with approval and numerous authorities are cited in

support thereof in the opinion of this Court in the case of *Suter* v. *Suter,* 128 W. Va. 511, 37 S. E. 2d 474.

I cannot subscribe to the view that there was no change in the circumstances surrounding the custody of the child after its custody was adjudicated to the father by the Second Judicial Court of Nevada, and by the Municipal Court of the City of Philadelphia. Since those courts passed on the custody of the child, the father, being in the military service, has gone overseas. True, there is a statement of counsel appearing in the transcript of the proceedings of the Municipal Court of Philadelphia to the effect that the custody of the child will be with its paternal grandmother, but there is also a statement in the transcript of said proceedings that the custody was awarded to the father. I think the latter statement overrides the declaration made by counsel for the father.

So far as this record shows the mother made a second application to have the custody of the child awarded her in the Municipal Court of the City of Philadelphia, and that court has made no decision in that proceeding. It is alleged in the answer of the mother that she is now employed and earning enough to take care of the child, and that she lives at the home of her mother and father in Preston County, West Virginia, and is there at all times except when at her place of employment. When it is considered that the father is now in the armed services of the United States, and, so far as this record shows, is in a foreign country, he should not be permitted to delegate the custody of the child to his mother.

I do not mean to say that I approve the method by which the mother of the child gained her custody; but such action on the mother's part does not deprive her of her natural and legal right to rear and care for the child for whom she has the natural love of a mother.

I emphasize the question arising from the fact that the custody of Laura Pukas has never been awarded to Margaret Pukas, her paternal grandmother, by any

court. In this proceeding the paternal grandmother applies to the courts of this State to grant her the custody of her grandchild, Laura Pukas. I think that if the petitioner, Margaret Pukas, is awarded the custody of the child, this Court is not only disregarding the decree of the Second Judicial District Court of Nevada, but is also disregarding the order of the Municipal Court of the City of Philadelphia. In my view the paternal grandmother is not entitled to maintain this proceeding, either by law, or by any decree or order of any court, has no right to the custody of her grandmother, and, therefore, I would dismiss the same.

If the mother and father live together, they are the joint guardians of the person of their minor child, with equal powers, rights and duties in respect to the custody of such child. Code, 44-10-7. It is true the parents in the instant case are not living together, but the mother is residing in this State, and the father, being in a foreign country, she is entitled to the custody of her child under the statute. It is the natural right of a mother to have the custody of a child, if no unfitness is shown, and if she has not abandoned or transferred that right to another person. *Cunningham* v. *Barnes,* 37 W. Va. 746, 17 S. E. 308; *Settle* v. *Settle,* 117 W. Va. 476, 185 S. E. 859. In this case a grandparent, no doubt much older than the mother, is contesting with the mother for the custody of the child, representing an absent father who cannot give the child the care and attention she should receive. Only the most cogent reasons should move a court to take a child of tender years from its mother, particularly a female child, and transfer her to a grandparent. *Reynolds* v. *Reynolds,* 109 W. Va. 513, 155 S. E. 652. I do not think those reasons exist in this case.

It is true that a court exercises discretion in awarding the custody of an infant; but the welfare of the child is the controlling principle in the exercise of that discretion, and the custody of a child should not be transferred unless it is conducive to the child's welfare.

*Frame* v. *Wehn,* 120 W. Va. 208, 197 S. E. 524; *Reynolds* v. *Reynolds, supra.* There is no proof adduced in the instant case which shows the physical surroundings of the child at the home of its maternal grandparents and its mother; nor is there any proof showing what the surroundings are at the home of its paternal grandmother in Philadelphia. It is reasonable to assume that the child will have proper surroundings at both places, and will be well treated. However, the unanswerable fact is that a three-year old girl is being taken from the custody of her mother and given to her grandmother. Few, if any, advantages that may accrue to the child by giving her custody to the paternal grandmother will compensate for the loss of her mother's care and love during her infancy and early childhood. Of course, if the mother were unfit to rear her child, she should be deprived of its custody, but, as stated above, no such unfitness is here shown.

I think that there has been a change in the circumstances and facts shown in the divorce proceeding in Nevada and the *habeas corpus* proceedings in the Municipal Court of the City of Philadelphia such as to warrant the courts of this State in holding that the custody of the child, as determined by those courts, is not *res judicata.* The paternal grandmother is not entitled to maintain these proceedings, for the reason that the custody of the child has never been awarded to her, and she is not the legal and natural custodian of the granddaughter.

The judgment of the Circuit Court of Preston County discloses an abuse of the discretionary power of that court, and for the reasons herein stated I would reverse that judgment.

I am authorized to say that Judge Fox joins me in the views herein expressed.