Jᴜᴅɪᴛʜ Hᴇʟᴇɴ Aᴅᴀᴍs Bᴏᴡᴇɴs

(No. 13627)

Decided December 7, 1976.

*Baer, Napier & Colburn, William K. Napier* for appellant.

No appearance for appellee.

CAPLAN, JUSTICE:

The sole issue presented on this appeal from a final order of the Circuit Court of Wayne County is whether that court, in the circumstances hereinafter described, has jurisdiction to determine the question of the custody of James Matthew Adams, II. That child was born of the marriage between James Matthew Adams and Judith Helen Adams.

On May 14, 1974 Judith Helen Adams obtained a divorce from her husband, James. At that time both parties were residents of the State of Kentucky. The decree of divorce, entered by the Circuit Court of Boyd County, Kentucky, also granted the custody of their son to Mrs. Adams. Under the provisions of the decree the father was afforded visitation privileges and was permitted to have his son with him on some weekends and for an extended period of time during the summer months.

Pursuant to such visitation privileges, the father, on June 14, 1974, took his son for the weekend. He failed to return the boy and thereafter, for a period in excess of four months, refused to permit the child's mother to see him or know where he was. Finally, on October 21, 1974, Judith learned that her son was at a certain doctor's office in Louisa, Kentucky. According to her testimony, she went to that office "retched and got him and I put him in the car." From that time to the present, she has retained physical custody of her child. Judith was at that time and is now married to George Bowens. They reside in Wayne County, West Virginia.

Sometime during the month of October, 1974, James Matthew Adams filed a petition in the Circuit Court of Boyd County, Kentucky, requesting that court to award him custody of his son. Subsequent to a hearing, the Circuit Court of Boyd County, Kentucky, entered an or-

der, dated November 1, 1974, awarding the father temporary custody of the child, James Matthew Adams, II. Although that order notes that the mother had been "properly notified" of the hearing, it is conclusively established by the record of this proceeding, and, in fact, was found by the Circuit Court of Wayne County, that she did not have any notice thereof.

This appeal evolves from a proceeding in the Circuit Court of Wayne County wherein James Matthew Adams filed a petition requesting the court to give full faith and credit to the November 1, 1974 order of the Circuit Court of Boyd County, Kentucky. On December 12, 1974 Judith Helen Adams Bowens filed a motion asking that the petition be dismissed. This request was made on the ground that the Kentucky order granting her former husband temporary custody of the child was obtained by fraud, inasmuch as her whereabouts were known to him and he failed to serve her with process or in any manner notify her of the hearing. She contended, therefore, that the Kentucky order was void.

A hearing was held before the Circuit Court of Wayne County on February 6, 1975. Therein both parties testified, each purporting to show why he or she should have custody of the child. In its order of February 6, 1975 the court noted that the parties had been divorced and that the mother had been awarded custody of the child; that the father had been awarded temporary custody by the order of the Kentucky court dated November 1, 1974; but, that the latter order "is void by reason of lack of notice to Judith Helen Bowens." The court then held that it was without jurisdiction to determine the matter of custody of James Matthew Adams, II and that the Circuit Court of Boyd County, Kentucky was the only court vested with jurisdiction to try and determine such custody question. Temporary custody was denied to the father and it was ordered that the mother retain custody until such question be heard and determined by the Circuit Court of Boyd County, Kentucky.

The appellant, Judith Bowens, here cites as error the refusal of the trial court to assume jurisdiction to determine the issue of custody and its failure to award such custody to her on the basis of the evidence adduced.

By reason of the trial court's holding that it did not have jurisdiction to determine the custody question, this case is not in the posture to be decided by this Court on its merits. It has long been established that this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken. *Wilkinson v. Searls*, 155 W. Va. 475, 184 S.E.2d 735 (1971); *Mowery v. Hitt*, 155 W. Va. 103, 181 S.E.2d 334 (1971); *Work v. Rogerson*, 149 W. Va. 493, 142 S.E.2d 188 (1965). We will, therefore, decide on this appeal only the correctness of the trial court's holding that it did not have jurisdiction to consider and determine the custody issue.

There can be no doubt that the Circuit Court of Wayne County has jurisdiction over cases concerning the custody of minor children. W. Va. Const., Article VIII, Section 6. The record clearly reveals that the contending parties and the child were before the court. That court had jurisdiction of the subject matter and of the parties. Why, then, did not the court have jurisdiction to determine the custody of this child? The trial court said in its order that the "Circuit Court of Boyd County, Kentucky, is the only court vested with jurisdiction to try and determine the matter of custody of James Matthew Adams, II." This conclusion is erroneous and the judgment is reversed.

Although it was not expressly stated by the court, it appears that its holding was premised on the proposition that the question of custody, having been determined by the Circuit Court of Boyd County, Kentucky, was *res judicata* and that any change of custody must be tried and determined by that court. In respect to this proposition, this Court, in Stapler v. Leamons, 101 W. Va. 235, 132 S.E. 507 (1926), said in its syllabus: "A foreign decree or order awarding the custody of a minor child in a

divorce suit is not *res judicata* in a subsequent proceeding in this State, involving the custody of the infant, where there has been such change in the conditions since the rendition of the foreign judgment as to render its modification desirable for the welfare and protection of the child."

In the instant case it was alleged that there had been a change in condition, respecting the child, since the rendition of the foreign judgment. Since the trial court had jurisdiction over the child and the parties, it had the authority and, in fact the duty, to consider and determine the custody question. As stated in numerous decisions of this Court, the paramount and controlling factor in resolving a contest for the custody of a child is the welfare and protection of the child. That is the polar star by which the discretion of the court will be guided. *State ex rel. Cash v. Lively*, 155 W. Va. 801, 187 S.E.2d 601 (1972); *Holstein v. Holstein*, 152 W. Va. 119, 160 S.E.2d 177 (1968); *Harmon v. Utterback*, 144 W. Va. 419, 108 S.E.2d 521 (1959); *Stout v. Massie*, 140 W. Va. 731, 88 S.E.2d 51 (1955); *Pukas v. Pukas*, 129 W. Va. 765, 42 S.E.2d 11 (1947); *Settle v. Settle*, 117 W. Va. 476, 185 S.E. 859 (1936).

Supporting the foregoing is the following succinct statement: "The decision of a competent court with respect to the custody of a child will ordinarily be regarded as res judicata, unless the circumstances have changed since the entry of the decree, or unless the welfare of the child requires a change of custody. Since a decree awarding custody is res judicata of matters determined only as of the time the decree was entered, such a decree is not res judicata in the sense generally applicable to judgments." 42 Am. Jur. 2d *Infants* §56. Also, it has been widely held that the full faith and credit clause of the Federal Constitution does not prevent a court from modifying a custody decree made in another state if the circumstances have changed. *See,* 42 Am. Jur. 2d *Infants* §57 and the cases cited in the footnotes thereto.

While the authorities are not in agreement as to the proper basis of jurisdiction in custody cases concerning minor children, there are respectable authorities which support the view that the child's physical presence within a state is sufficient to give that state's courts jurisdiction to determine and award custody. This is grounded on the belief that such court is best qualified to act in the best interest and welfare of the child. We subscribe to this principle and hold that the physical presence of the child together with jurisdiction over the parties is a sufficient basis to permit a court to determine and award custody of a minor child. *See,* 42 Am. Jur. 2d *Infants* §33; Annotations: 4 A.L.R.2d 13, §2 and 9 A.L.R.2d 439, §3.

Applying the foregoing principles to the case at bar, we are of the opinion that the trial court erred in holding that it was without jurisdiction to determine this custody matter. The judgment of the Circuit Court of Wayne County is therefore reversed and the case is remanded to that court with directions that it take jurisdiction of this case and resolve the matter of the custody of James Matthew Adams, II.

*Reversed and remanded with directions.*